UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET DAVIDSON, et al.,

   Plaintiff,

v.                                                              CASE NO.: 8:10-cv-1755-T-23EAJ

PDS TECHNICAL SERVICES, INC.,

   Defendant.
_____/

**ORDER**

The plaintiffs—Janet Davidson; Damian Ladue; Timothy Merkel; David Morton, Jr.; Todd Plummer; and McKenzie Barrow—petitioned (Doc. 2) in state court to compel arbitration in accord with each plaintiff's employment agreement. The defendant ("PDS") removed (Doc. 1) and filed a memorandum (Doc. 9) in opposition to the petition. The plaintiffs moved (Doc. 15) to remand, and a September 21, 2010, order (Doc. 19) denies the motion based on the parties' substantive dispute, a claim for compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). Subsequently, the plaintiffs filed a memorandum (Doc. 20) in support of arbitration.

In opposing arbitration, the defendant argues (1) that the plaintiffs' claim falls outside the arbitration agreement and (2) that, based on the plaintiffs' conduct in a related action, the plaintiffs waived the right to arbitrate. In support of arbitration, the plaintiffs argue (1) that both Florida and federal law favor enforcement of the arbitration agreement, (2) that the plaintiffs' claim falls within the scope of the arbitration agreement, and (3) that the plaintiffs never waived the right to arbitrate.

Background

On July 10, 2008, Delia West sued (Case No. 8:08-cv-1325-T-33MAP, the "West action") both PDS and Verizon Communications, Inc., ("Verizon") for overtime compensation under the FLSA.[1] Each plaintiff in this action consented (Docs. 16, 26, 31, 56, 61, and 63) to join the West action. The parties began discovery, and on September 22, 2010, West moved (Doc. 38) to conditionally certify the West action as a collective action, to facilitate notice to potential collective action plaintiffs, and to require expedited discovery. Barrow, Ladue, and Plummer each filed a declaration (Docs. 41, 47, & 50) in support of the motion for certification. After a hearing on the motion, Magistrate Judge Mark A. Pizzo recommended (Doc. 156) denying the motion for certification. A September 10, 2009, order (Doc. 163) adopts the recommendation and denies certifications. PDS and Verizon eventually entered settlement agreements with several of the "consent plaintiffs." The West action remains pending as to West's claim.

Each plaintiff in this action (each formerly a "consent plaintiff" in the West action) demanded arbitration with the American Arbitration Association and, on August 5, 2010, sued (Doc. 2) to compel arbitration based on each plaintiff's "temporary employment agreement" with PDS. The agreement, which each plaintiff signed "at the commencement of the[] [plaintiff's] employment with PDS," states:

> YOU agree that YOU will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to YOUR application or candidacy for employment, employment and/or cessation of employment with PDS, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state, and local statutory or

---

[1] Counsel for the plaintiffs represents West and represented the consent plaintiffs in the West action.

- 2 -

>>common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the law of contract and the law of tort.

(Doc. 2, Ex. A) PDS argues (1) that the plaintiffs' claim is not "previously unasserted" and falls outside the scope of the arbitration agreement and (2) that, even if the claim falls within the scope of the agreement, the plaintiffs waived the right to arbitrate by participating in the West action. The plaintiffs dispute each assertion.

## Discussion

### 1. The Arbitration Agreement

The Federal Arbitration Act (the "FAA") establishes "strong federal preference for arbitration of disputes" and that preference "must be enforced [if] possible." Musnick v. King Motor Co., 325 F.3d 1255, 1258 (11th Cir. 2003).

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983). "[A]n arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration." Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992). "Notwithstanding this strong federal policy, 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315 (11th Cir. 2002) (Tjoflat, J.) (quoting AT&T Techs., Inc. v. Commc'n, 475 U.S. 643, 648 (1986)).

> The FAA, while designed to place arbitration agreements 'on the same footing as other contracts[]' nevertheless "does not require parties to arbitrate when they have not agreed to do so.' Parties to an arbitration agreement, moreover, may 'exclude certain claims from the scope of their arbitration agreement.' [H]owever, . . . the FAA 'creates a presumption in favor of arbitrability; so, parties must clearly express their intent to exclude categories of claims from their arbitration agreement.'

286 F.3d at 1320 (citations omitted).

PDS argues (1) that only a "previously unasserted" claim, dispute, or controversy is susceptible to arbitration and (2) that the plaintiffs "without question previously asserted the FLSA claims [that] the[] [plaintiffs] now seek to arbitrate." The plaintiffs argue (1) that "'previously unasserted' clearly refers to any claims that were asserted prior to the signing of the employment agreement"; (2) that the "previously unasserted" provision ensures the validity (under the FAA and Florida law) of the arbitration agreement, which may pertain to only a "controversy thereafter arising" between the parties; and (3) that "[t]he plain language of the arbitration provision states that all claims relating to employment shall be subject to arbitration."

Upon becoming an employee of PDS, each plaintiff entered with PDS a contract containing an arbitration agreement. The arbitration agreement unambiguously applies to a claim "arising out of or relating to" a plaintiff's application for employment, employment, or termination from employment. The claim must also qualify as "previously unasserted." The parties dispute (and the agreement fails to specify) whether "previously unasserted" excludes from the agreement either (1) a claim asserted before the plaintiff entered the agreement or (2) a claim asserted before the plaintiff sought to compel arbitration or (3) both. As a practical matter, PDS's interpretation of the arbitration agreement (i.e., that the agreement excludes a claim

- 4 -

asserted before the plaintiff seeks arbitration) renders meaningless the contractual obligation to arbitrate, because an employee easily avoids the obligation by asserting the claim in another forum and effectively removing the claim from the scope of the agreement. More persuasive is the plaintiff's argument that "previously unasserted" means a claim "thereafter arising" out of the plaintiff's employment after the parties entered the arbitration agreement. Under the plaintiffs' interpretation, regardless of whether the plaintiffs' participating in the West action qualifies as an assertion of the plaintiff's claim, the claim (which accrued after each plaintiff signed an employment agreement and stems from each plaintiff's employment with PDS) falls within the scope of the arbitration agreement. Considering both the lack of specificity in the arbitration agreement and the presumption in favor of arbitration, the agreement is construed to include the plaintiffs' claim in this action.

*2. Waiver of the Right to Arbitrate*

"[D]espite the strong policy in favor of arbitration, a party may, by [the party's] conduct, waive [the] right to arbitration." S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990) (citations omitted). A party waives the right to compel arbitration if "[the] party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." Morewitz v. West of England Ship Owners Mut. Prot. & Indem. Ass'n, 63 F.3d 1356, 1366 (11th Cir. 1995); Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1158 (5th Cir. 1986). Prejudice may result if the "party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." 63 F.3d at 1366. Factors considered in

determining prejudice include the length of delay in demanding arbitration and the expense incurred by the opposing party in participating in the litigation process. S & H Contractors, 906 F.2d at 1514.[2]

S & H Contractors finds waiver based upon (1) the plaintiff's waiting until eight months after filing a complaint against the defendant to demand arbitration and (2) the defendant's incurring expenses in moving to dismiss the action and in conducting discovery (which consisted of deposing five of the plaintiff's employees and opposing certain of the plaintiff's discovery requests). In E.C. Ernst, Inc. v. Manhattan Const. Co., 551 F.2d 1026, 1040-41 (5th Cir. 1977), the parties' litigating a dispute for two years before a party sought to compel arbitration amounted to a waiver of arbitration. Morewitz finds waiver based on an insurer's hiring counsel and defending the insurer's interests in an earlier action. Although the earlier action failed to include the insurer as a party, Morewitz finds that by previously litigating against a party with whom the insurer later sought to compel arbitration, the insurer waived the right to arbitrate.

In Parler v. KFC Corp., 529 F. Supp. 2d 1009 (D. Minn. 2008), several employees of KFC sought to compel arbitration of an FLSA claim after the employees consented to join a conditionally certified collective action against KFC. KFC argued that the employees waived the right to arbitrate when the employees opted-in to the collective action. Parler finds that the employees "substantially invoke[d] the litigation machinery" (1) by consenting to join the collective action and (2) by requesting de-certification and transfer of several "state-level FLSA classes" to other courts and not to arbitrators.

---

[2] C.f. Czarina, LLC v. W.F. Poe Syndicate, 254 F. Supp. 2d 1229, 1238 (M.D. Fla. 2002) (finding that a party's limited, substantive argument in arbitration failed to establish that the party either accepted the legitimacy of the arbitration panel, participated meaningfully in arbitration, or waived an objection to the arbitration panel's decision.).

- 6 -

Accordingly, Parler finds that the employees' conduct demonstrated the employees' choice of forum and concludes that "[f]iling a case in federal court and seeking arbitration only after the litigation goes badly is acting inconsistently with the right to arbitrate." In determining prejudice to KFC, Parler rejects the employees' argument that, as only a fraction of the total class, the employees caused only marginal prejudice to KFC. The litigation caused KFC to engage both in discovery and in "substantial motion practice," which expenses arbitration avoids.[3]

In this action, PDS argues that the plaintiffs acted inconsistently with an intent to arbitrate (1) by consenting to join the West action, (2) by seeking conditional certification of the West action, (3) by submitting declarations in support of certification, (4) by objecting to the recommendation against conditional certification, (5) by failing to seek arbitration until twenty months after the plaintiffs' counsel filed the West action and until several months after the order denying certification, and (6) by enjoying the tolling of the statute of limitations on the plaintiffs' FLSA claim consequent upon the plaintiffs' consenting to join the West action. PDS asserts prejudice based on substantial delay, two years of litigation costs and expenses, and a significant devotion of resources to investigating the claims of both West and the consent plaintiffs in the West action. PDS also asserts that arbitration will require PDS again to educate the decision maker "about the facts of the case and arguments underlying [the plaintiffs'] claims." The plaintiffs respond (1) that the plaintiffs' opting-in to the West action fails to constitute substantial participation in litigation, (2) that both the pleadings and the discovery in the West action

---

[3] The plaintiffs cite Davis v. Terminix Company, Inc., 2010 WL 382064 (D. Md. 2010), and state that Davis holds that "participating in an FLSA collective action does not constitute a waiver of arbitration rights." However, Davis (a property damage and personal injury action) says nothing about either the FLSA or arbitration. Davis is irrelevant to this action.

- 7 -

are unattributable to the plaintiffs, (3) that both Florida and federal law permit the plaintiffs to "test the viability" of the West action, and (4) that the plaintiffs' collective action claim was not arbitrable and therefore cannot qualify as inconsistent with the plaintiffs' right to arbitrate.

Although persuasive precedent only, Parler provides an instructive example in this instance. The plaintiffs in this action, similar to the plaintiffs in Parler, consented to join the West action, filed declarations in support of class certification, and objected to the magistrate judge's recommendation against certification. PDS incurred litigation expenses both in opposing certification and in conducting discovery as to each consent plaintiff's claim. Similar to the plaintiffs in Parler (as well as in S & H Contractors), the plaintiffs in this action (represented by the same counsel as in the West action) waited approximately nine months after denial of conditional class certification to petition for an order compelling arbitration. (Notably, in that nine months, PDS settled with over fifty of the other consent plaintiffs). Thus, by waiting until almost nine months after a decision on class certification and approximately two years after initiation of the West action to demand arbitration, the plaintiffs acted inconsistently with an intent to arbitrate and prejudiced PDS by causing PDS to incur the type of litigation expenses that arbitration seeks to eliminate.

Conclusion

Accordingly, the plaintiffs' petition to compel arbitration (Doc. 2) is **DENIED**.  The Clerk is directed to (1) enter a judgment in favor of the defendant and against the plaintiffs on the plaintiffs' petition to compel arbitration (Doc. 2), (2) terminate any pending motion and (3) close the case.

ORDERED in Tampa, Florida, on November 8, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE